UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:08-CR-455-3 |
| | § | |
| REGINO BENAVIDES | § | |

**<u>ORDER DENYING MOTION TO REDUCE SENTENCE § 3582(c)(2)</u>**

Regino Benavides (Benavides) filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the sentencing guidelines. D.E. 179. Because Amendment 782 does not provide relief, the motion is denied.

Benavides was sentenced to 117 months in the Bureau of Prisons in 2009 based upon his guilty plea to money laundering. D.E. 168. His base offense level was calculated based upon the amount of money laundered and translated into the equivalent of 570 kilograms of cocaine. D.E. 136, ¶ 25. That quantity of cocaine resulted in a base offense level of 38.

"A defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may apply for a reduction in his sentence if the amendment applies retroactively. 18 U.S.C. §3582(c)(2); *see also Freeman v. United States*, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Although Amendment 782 became retroactive on November 1, 2014, offenders may not be released from custody pursuant to retroactive application of Amendment 782 before November 1, 2015. U.S.S.G. § 1B1.10(e).

Importantly, however, Amendment 782 does not benefit Benavides. The drug table, and therefore his sentencing range, is unchanged for the quantity of cocaine at issue. He is not eligible for a sentence reduction.

## CONCLUSION

The Court DENIES Benavides' motion (D.E. 179) to reduce sentence.

SIGNED and ORDERED this 27th day of February, 2015.

_____
Janis Graham Jack
Senior United States District Judge